**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**


**DENIS FERNANDEZ-GUERRA,**                                                    **PETITIONER**
**# A 072-844-553**

**VERSUS**                                           **CIVIL ACTION NO. 5:25cv165-DCB-BWR**

**UNITED STATES IMMIGRATION AND**
**CUSTOMS ENFORCEMENT**                                                     **RESPONDENT**


<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

This matter is before the Court *sua sponte*.   *Pro se* Petitioner Denis Fernandez-Guerra is

an alien detainee at the Adams County Correctional Center.   He initiated this habeas action on

December 18, 2025.

On December 29, 2025, the Court ordered Petitioner to either pay the filing fee or amend

his application to proceed *in forma pauperis*, by January 28, 2026.   Having received no

response, on February 11, the Court entered the Order to Show Cause [5], directing him to either

pay the fee, amend his *ifp* application, or show cause why the case should not be dismissed for

failure to obey a Court Order [4].   When Petitioner still did not respond, the Court entered the

Second Order to Show Cause [6], on March 11, giving him a final chance to comply.

All Orders [4, 5, 6] were sent to Petitioner's address of record, and were not returned as

undeliverable.   To date he has not responded or otherwise contacted the Court.   The Court has

warned Petitioner that failure to comply may lead to the dismissal of this case.   (2d Order to

Show Cause at 1); (Order to Show Cause at 1); (Order [4] at 1).   It is apparent from his failure to

comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a

Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the ___17th___ day of April, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

2